<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MIGUEL REIMER, | |
| Petitioner, | Civil Action No. 25-13617 (MAS) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Petitioner Miguel Reimer's amended motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 (ECF No. 4), which also serves as his response to this Court's order directing him to show cause as to why his motion to vacate sentence should not be dismissed as time barred. As Petitioner has filed his amended motion in accordance with this Court's prior Order (ECF No. 4), the Court is required by Rule 4 of the Rules Governing Section 2255 Proceedings to preliminarily review Petitioner's motion to vacate and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." For the following reasons, Petitioner's motion is dismissed with prejudice as time barred and Petitioner is denied a certificate of appealability.

I.      <u>**BACKGROUND**</u>

In May 2022, Petitioner pled guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). (*See United States v. Reimer*, Docket No.

20-730 at ECF Nos. 41-42.)  In August 2022, Probation produced Petitioner's final presentence report, which recommended that Petitioner receive a career offender enhancement to his sentence in light of Petitioner's prior convictions for the manufacture and distribution of heroin in state court.  (Docket No. 20-730 at 7-12.)  This resulted in a recommended sentencing range of between 151 and 188 months.  (*Id.* at 20.)  The Court thereafter sentenced Petitioner to a term of 110 months' imprisonment on June 9, 2023.  (Docket No. 20-730 at ECF Nos. 54-55.)  Petitioner did not appeal his sentence.

Over two years later, in early July 2025, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 1.)  On September 3, 2025, the Court issued an order which directed Petitioner to refile his petition on the form required by the local rules and to show cause within forty-five days as to why his petition should not be dismissed with prejudice as time barred.  (ECF No. 3.)  In his newly filed amended motion, Petitioner now contends that his motion should be considered timely pursuant to 28 U.S.C. § 2255(f)(4) because he did not discover the basis for his claims—that Probation did not consider the categorical approach in reviewing Petitioner's career offender status—until he performed further research long after his conviction. (ECF No. 4.)

## II.    LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied*, 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, district courts are required to screen all § 2255 motions and dismiss any motion if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. **DISCUSSION**

### A. **No hearing is needed to resolve Petitioner's claim**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-56 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8

(3d Cir. 2014); *Booth*, 432 F.3d at 546. As Petitioner's motion to vacate sentence is clearly time

barred for the reasons expressed below, no hearing is needed in this matter.

> **B.     Petitioner's amended motion to vacate sentence is time barred**

As this Court previously explained,

> Petitioner's current motion to vacate sentence appears to be untimely filed. Motions to vacate sentence are subject to a one-year statute of limitations which generally begins to run on the date when the petitioner's conviction becomes final, which occurs either upon the denial of a petition of certiorari or upon the expiry of the petitioner's time to appeal if he does not file an appeal following the entry of judgment. *See* 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final"); *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999). As Petitioner's judgment of conviction was entered on June 9, 2023, and he did not file an appeal, his conviction became final fourteen days later when his time to appeal expired, or on June 23, 2023. (*See* Docket No. 20-730 at ECF No. 55.) His current motion to vacate sentence was not filed until two years later, on or about July 1, 2025, the date on which Petitioner certifies he first mailed out his motion. (*See* ECF No. 1 at 4.) Thus, absent a basis for a later starting date for the statute of limitations or a basis for the tolling of the statute, Petitioner's motion to vacate sentence is untimely on its face.

> In his motion, Petitioner first invokes 28 U.S.C. § 2255(f)(3) for the proposition that he should be permitted a later starting date for his limitations period based on the issuance of *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021), and several other circuit and Supreme Court decisions on the categorical approach which predate *Nasir*. Section 2255(f)(3), however, only provides for a later starting date for the habeas limitations period where a right has "been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In such cases, the limitations period will run from the date of recognition. *Nasir*, however, was not a Supreme Court decision, and did not recognize a new right, and instead merely recognized that the guidelines did not include inchoate crimes in their definition of controlled substance offenses. *See* 17 F.4th at 471-72. *Nasir* thus does not support a later starting date for Petitioner's claims, indeed, it doesn't actually cover the specific issue Petitioner is now raising – that his New Jersey convictions were under a statute too broad to be considered controlled substance offenses. That aside, even if

*Nasir* or any of the other cases Petitioner references *did* fit the requirements of § 2255(f)(3), none would actually provide for a later starting date for Petitioner because all of those cases were issued *before* Petitioner's judgment of conviction. Indeed, Petitioner *admits* that his "sentencing counsel raised the issue at the original hearing," (ECF No. 1 at 3), and that he therefore should have been aware of the issue, at the latest, at his sentencing in June 2023. Section 2255(f)(3) thus does not provide any aid to the timeliness of Petitioner's motion.

Petitioner also suggests that he should be provided with equitable tolling because he "was incarcerated and lacked access to counsel or timely legal research tools." (ECF No. 1 at 3.) Although the § 2255 limitations period is subject to equitable tolling where the facts of the matter so warrant, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

As Petitioner has no right to counsel in a habeas proceeding, that he lacked access to counsel is not an extraordinary circumstance warranting tolling. Likewise, that Petitioner was incarcerated – the expected outcome of a felony conviction – and thus did not have free reign to conduct legal research at his leisure, is not an extraordinary circumstance warranting tolling of the habeas limitations period. Likewise, Petitioner has made no effort to show that he was in any way diligent over the last two years, and thus would not be entitled to tolling in any event. Petitioner has thus not shown a basis for tolling in his motion, and his motion thus appears well and truly time barred.

(ECF No. 3 at 1-4.)

In his amended Petition, Petitioner acknowledges that *Nasir* does not provide a valid basis for finding his petition timely. Instead of pursuing his § 2255(f)(3) argument further, Petitioner presents an alternative argument: that his claim should be considered timely because he did not discover the basis for his categorical approach claim until relatively recently after he performed

further research. Pursuant to 28 U.S.C. § 2255(f)(4), a motion to vacate sentence will be provided a later starting date for the statute of limitations where the petitioner can show that the basis for his claim could not have been discovered earlier through the exercise of due diligence. Where such a showing is made, the statute of limitations will run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*; *see also United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014). The statute would thus run from the date when the petitioner *should* have discovered the facts which underly his claim had he been acting with reasonable diligence. *Johnson*, 590 F. App'x at 179. Section 2255(f)(4) is concerned with the discovery of the relevant *facts*, not the legal consequences or arguments which apply those facts. *See Cox v. United States*, No. 22-5112, 2024 WL 5198917 at *4 (D.N.J. Dec. 13, 2024). New judicial decisions or interpretations do not qualify as "facts" to be discovered under the statute. *Id.*

Here, Petitioner asserts that he did not discover the alleged issue with the presentence report and his sentencing until well after sentencing when he did further *legal* research regarding his career offender enhancement. Such legal research is largely irrelevant to § 2255(f)(4). The alleged factual fault in Petitioner's claim is that the Probation Office, and thereafter this Court, did not perform a full and on the record categorical consideration of Petitioner's prior convictions to determine if they were overbroad prior to finding that Petitioner qualified for a career offender enhancement. The alleged facts underlying this claim were clear from the record of Petitioner's Pre-Sentence Report and sentencing at the time they were issued – August 2022 for the PSR, and June 2023 for the sentencing, both of which fall during time periods when Petitioner was represented by counsel. A criminal defendant acting with reasonable diligence – especially one who was represented – could have discovered these alleged deficiencies by the time of Petitioner's sentencing, or certainly shortly thereafter within the time to file an appeal, and could have raised

the alleged faults on direct appeal.[1]  Thus, even if the Court were to consider § 2255(f)(4), Petitioner's one-year limitations period still began to run in June 2023, and expired a year later in June 2024, more than a year before Petitioner filed his motion to vacate sentence in this matter. Absent equitable tolling, Petitioner's amended motion to vacate sentence remains clearly time barred.

In his amended motion, Petitioner argues that equitable tolling is appropriate because Petitioner was incarcerated, "lacked consistent access to legal materials," and lacked counsel.  As the Court previously explained to Petitioner, he has no right to counsel in a habeas proceeding, and the fact of his incarceration is not an extraordinary circumstance warranting tolling.  That Petitioner did not have constant access to legal materials and research, or that he was occasionally without such access is also not an extraordinary circumstance warranting equitable tolling.

Even if Petitioner had shown an extraordinary circumstance, he would still not be entitled to equitable tolling because he has completely failed to show that he acted with any form of reasonable diligence.  By his own admission, Petitioner did not begin looking into his sentence and the issues in question until some time "in 2024-2025."  (ECF No. 4 at 3.)  Indeed, Petitioner does not even claim to have "acted diligently" until "discovering [the issues raised in his motion] in 2025." (*Id.* at 4.)  Petitioner does not detail any actions he took to discover his claims in a timely fashion.  Petitioner also does not elaborate on how he acted diligently when he did not begin to look into his conviction until at the earliest 2024, more than six months after his conviction, and did not take any concrete steps until he filed his initial motion to vacate sentence in July 2025, more than two years after his conviction.  Petitioner has thus failed to show that he acted with

---

[1] As Petitioner admits (*see* ECF No. 4-4 at 13), his sentencing counsel *did* object to the career offender designation, suggesting that Petitioner and his counsel were aware of their ability to challenge the designation, and little if any further factual information is required for Petitioner's current claims.

reasonable diligence, and he is not entitled to equitable tolling. Petitioner's amended motion to vacate is clearly time barred and is dismissed with prejudice as such.

## IV.    <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Petitioner's amended motion to vacate sentence is clearly time barred, Petitioner has failed to make a substantial showing of a denial of a constitutional right. This Court therefore denies Petitioner a certificate of appealability.

## V.    <u>CONCLUSION</u>

For the reasons set forth above, Petitioner's amended motion to vacate sentence (ECF No. 4) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.


s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE


<u>Dated:</u> January 20, 2026

8